

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-12-00717-CR

Carlos **GUTIERREZ** Jr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 2, Bell County, Texas
Trial Court No. 2C-11-01586
The Honorable John Mischtian, Judge Presiding

Opinion by:　Patricia O. Alvarez, Justice

Sitting:　Catherine Stone, Chief Justice
　　　　　Sandee Bryan Marion, Justice
　　　　　Patricia O. Alvarez, Justice

Delivered and Filed:　November 13, 2013

AFFIRMED

Appellant Carlos Gutierrez Jr. was charged by complaint and information with the offense of possession of marijuana, not more than two ounces. Gutierrez's motion to suppress based on an unlawful arrest was denied, as was his motion to dismiss based on spoliation of evidence. Gutierrez was subsequently found guilty and sentenced to thirty days confinement in the county jail. We affirm the trial court's judgment.

## BACKGROUND

On January 15, 2011, Killeen Police Detective Manfred Stinehour was dispatched for a disturbance in connection with the attempted impound of a vehicle. Upon the officer's arrival, the wrecker driver was attempting to tow and impound Gutierrez's vehicle at the request of the apartment manager. Gutierrez and his wife were argumentative and visibly upset. Detective Stinehour testified Gutierrez exhibited signs of intoxication including bloodshot, glassy eyes; dazed appearance; and slurred speech.

After repeatedly instructing Gutierrez not to impede the wrecker driver, Detective Stinehour witnessed Mrs. Gutierrez again attempt to interfere with the wrecker driver. Based on the continued escalation, Detective Stinehour felt it necessary to handcuff Mrs. Gutierrez. Detective Stinehour testified that, while doing so, Gutierrez "grabbed my hand and tried to prevent the arrest [of Mrs. Gutierrez]." About that time, a second officer arrived at the scene and took custody of Mrs. Gutierrez. Based on Detective Stinehour's belief that Gutierrez was a danger to himself and others, Detective Stinehour arrested Gutierrez for public intoxication and placed Gutierrez in his patrol car.

While transporting Gutierrez and his wife to the police station, Detective Stinehour noticed a strong odor of marijuana. He also noted that Gutierrez kept shifting and continuously bending down during the transport. On several occasions, Detective Stinehour instructed Gutierrez to sit up and sit still. After Gutierrez was processed, Detective Stinehour returned to his vehicle and found marijuana located precisely where Gutierrez had been sitting. During direct and cross-examination, Detective Stinehour was adamant (1) the marijuana was not on the seat prior to transporting Gutierrez and his wife and (2) the marijuana was located exactly where Gutierrez was sitting. Gutierrez was subsequently arrested and charged with possession of marijuana under two ounces.

On November 9, 2011, the trial court conducted a hearing on Gutierrez's motion to suppress. Gutierrez argued the evidence was insufficient to show he was intoxicated and, therefore, the search subsequent to arrest should be suppressed. The court ultimately denied the motion and the case was set for trial. On September 4, 2012, prior to jury selection, Gutierrez's Motion to Dismiss Based on Spoliation of Evidence was also denied by the trial court. After a three-day jury trial, the jury returned a guilty verdict and sentenced Gutierrez to confinement in the Bell County jail for a period of thirty days. Gutierrez appealed.

## MOTION TO SUPPRESS

In his first issue, Gutierrez contends Detective Stinehour lacked probable cause to believe Gutierrez was publically intoxicated; thus, the arrest was unlawful and the trial court should have suppressed the evidence obtained during the search incident to arrest. The State argues there was more than ample evidence of Gutierrez's intoxication for Detective Stinehour to determine Gutierrez was intoxicated in a public place and a danger to himself or others. *See* TEX. PENAL CODE ANN. § 49.02 (West 2011).

### A.  Standard of Review

An appellate court reviews a trial court's decision to deny a motion to suppress for an abuse of discretion. *Martinez v. State*, 348 S.W.3d 919, 922 (Tex. Crim. App. 2011). Under a bifurcated standard of review, we afford almost total deference to the trial court's determination of historical facts and conduct a de novo review of the trial court's application of the law to those facts that are not based on an evaluation of credibility or demeanor. *Id.*; *State v. Garcia-Cantu*, 253 S.W.3d 236, 241 (Tex. Crim. App. 2008); *State v. Ross*, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000). Because a trial court has the distinct advantage to make first-hand observations of a witness's demeanor during testimony on a motion to suppress, "the trial court is the sole trier of fact and

judge of the credibility of the witnesses and the weight to be given their testimony." *Ross*, 32 S.W.3d at 855.

**B.      Warrantless Arrests**

A police officer may arrest an individual without a warrant if (1) probable cause exists with respect to the individual in question and (2) the arrest falls within one of the exceptions set out in chapter 14 of the Code of Criminal Procedure. *See generally* TEX. CODE CRIM. PROC. ANN. ch. 14; *Neal v. State*, 256 S.W.3d 264, 280 (Tex. Crim. App. 2008). More specifically, article 14.01(b) permits a police officer to "arrest an offender without a warrant for any offense committed in his presence or within his view." *See* TEX. CODE CRIM. PROC. ANN. art. 14.01(b) (West 2005). A warrantless arrest for public intoxication is valid if the officer has reason to believe that a defendant was "in a public place while intoxicated to the degree that the person may endanger the person or another." TEX. PENAL CODE ANN. § 49.02 (West 2011); *Campbell v. State*, 325 S.W.3d 223, 231–32 (Tex. App.—Fort Worth 2010, no pet.).

Probable cause requires the officer have a reasonable belief that, based on facts and circumstances within the officer's personal knowledge, the individual committed or will soon commit an offense. *Neal*, 256 S.W.3d at 280; *Torres v. State*, 182 S.W.3d 899, 902 (Tex. Crim. App. 2005). This reasonable belief must be founded on specific, articulable facts and not on the mere opinion of the officer. *Torres*, 182 S.W.3d at 902; *Ford v. State*, 158 S.W.3d 488, 493 (Tex. Crim. App. 2005). In determining whether probable cause exists, we examine the totality of the circumstances. *Torres*, 182 S.W.3d at 902; *Ford*, 158 S.W.3d at 492–93.

**C.      Analysis**

Detective Stinehour testified that not only did Gutierrez's argumentative behavior continue to escalate, but he also exhibited slurred speech; a dazed appearance; and glassy, bloodshot eyes. In conjunction with Detective Stinehour's training and experience as a military and police officer,

and based on Gutierrez's condition and actions that he personally observed, Detective Stinehour believed Gutierrez to be a danger to himself and others. Detective Stinehour also explained that, although Gutierrez's grabbing of an officer's hand constituted an assault and interference with public duties, he elected to charge Gutierrez with the lesser offense of public intoxication.

The defense called Sean McClain who testified that Gutierrez had not been drinking and that Gutierrez did not have any indicators of having consumed alcohol. Although Detective Stinehour and McClain provided somewhat different versions of events, it was within the trial court's sole discretion to resolve any conflict in the testimony. *See Ross*, 32 S.W.3d at 855.

Viewed in the light most favorable to the trial court's ruling, and with deference thereto, we conclude that the trial court did not abuse its discretion in deciding that Detective Stinehour possessed a reasonable belief that Gutierrez was intoxicated and was a danger to himself or others. *See id.* Accordingly, we overrule Gutierrez's first issue.

## MOTION TO DISMISS BASED ON SPOLIATION

Gutierrez next contends the Killeen Police Department violated its own mandatory operating procedures regarding the preservation of evidence and, in doing so, violated his constitutional Due Process rights. The State argues Gutierrez failed to establish (1) the alleged evidence was material and (2) the State acted in bad faith in destroying the evidence.

### A.    Standard of Review

We review the trial court's denial of a motion to dismiss a charging instrument for an abuse of discretion. *Rogers v. State*, 113 S.W.3d 452, 459 (Tex. App.—San Antonio 2003, no pet.). "A trial [court] abuses [its] discretion when [its] decision is so clearly wrong as to lie outside the zone within which reasonable persons might disagree." *Howell v. State*, 175 S.W.3d 786, 790 (Tex. Crim. App. 2005).

**B.** **Spoliation**

In cases involving the State's failure to preserve evidence in a criminal trial, the United States Supreme Court has drawn a distinction between "material exculpatory evidence" and "potentially useful evidence." *See Arizona v. Youngblood*, 488 U.S. 51, 57–58 (1988); *Ex parte Napper*, 322 S.W.3d 202, 229 (Tex. Crim. App. 2010). A federal Due Process violation occurs if the State fails to disclose material exculpatory evidence, regardless of whether the State acted in bad faith. *Illinois v. Fisher*, 540 U.S. 544, 547–48 (2004); *see Ex parte Napper*, 322 S.W.3d at 229. "[T]o show a violation of the Texas Due Course of Law provision, an appellant must show that the State acted in bad faith." *Snell v. State*, 324 S.W.3d 682, 684 (Tex. App.—Fort Worth 2010, no pet.); *accord Salazar v. State*, 185 S.W.3d 90, 92 (Tex. App.—San Antonio 2005, no pet.); *see also Fisher*, 540 U.S. at 547–48 (requiring defense show State acted in bad faith in regard to alleged Due Process violation based on the State's loss or destruction of potentially useful evidence); *Youngblood*, 488 U.S. at 57–58; *Jackson v. State*, 50 S.W.3d 579, 589 (Tex. App.—Fort Worth 2001, pet. ref'd).

**C.** **Analysis**

"[A]n appellate court review[s] a trial court's ruling on the admission or exclusion of evidence . . . in light of the arguments, information, and evidence that was available to the trial court at the time it ruled." *Dragoo v. State*, 96 S.W.3d 308, 313 (Tex. Crim. App. 2003). Here, the only evidence offered by Gutierrez came well after the trial court's ruling on the motion to dismiss. Detective Stinehour clarified that it was the police department, not he, that maintained possession of the videotape in question. In this case, however, Detective Stinehour explained the Killeen police department experienced difficulties transferring old videotapes to a new computer system and lost some videotapes in the process. The videotape from the night of Gutierrez's arrest was one of those videotapes.

Gutierrez also failed to present evidence that the recording would have been favorable to his defense. Evidence is material only if it creates a reasonable probability that had the evidence been disclosed, the outcome would have been different. *Peña v. State*, 353 S.W.3d 797, 809 (Tex. Crim. App. 2011). There is no such evidence or testimony in this case. Because Gutierrez has failed to show any evidence that the State acted in bad faith, or that the outcome would have been different, we overrule his second issue.

## CONCLUSION

The evidence supports that Gutierrez was not only argumentative, but also exhibited slurred speech; a dazed appearance; and glassy, bloodshot eyes. Detective Stinehour testified to his belief that Gutierrez was a threat to himself and others. The trial court, therefore, did not abuse its discretion in denying Gutierrez's motion to suppress the search incident to arrest. *See Martinez*, 348 S.W.3d at 922. Additionally, Gutierrez failed to present evidence that either the State acted in bad faith in destroying the videotape in question or that the alleged evidence was material. As such, we cannot say the trial court's denial of the motion to dismiss was so clearly wrong as to lie outside the zone within which reasonable persons might disagree. *See Howell*, 175 S.W.3d at 790. Accordingly, the trial court's judgment is affirmed.

Patricia O. Alvarez, Justice

PUBLISH