

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00131-CR

_____

DENNIS RAY FREEMAN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 42132-B

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

## MEMORANDUM OPINION

Dennis Ray Freeman appeals from his convictions by a jury of attempted sexual assault of a child and indecency with a child. Freeman contends that the trial court erred by failing to grant his motion to suppress evidence obtained after a warrantless arrest and by ordering him to pay court appointed attorney fees.

### I.     Facts

The relevant events occurred at an apartment complex in Longview. Several residents of the apartment unit had seen Freeman on the premises on the day in question. Brenda Smallwood saw a "little girl" run down the stairs toward the laundry room. She had previously seen Freeman staring into the window of the child's apartment. Smallwood called 9-1-1 when she observed Freeman and the child go into the dark laundry room and then saw the laundry room door close. Responding to 9-1-1 calls, police officers entered the darkened laundry room attached to the apartment unit and found Freeman, a middle-aged man, wearing only boxer shorts, with a naked girl lying on the floor beside him. One of the responding officers testified that he knew, from previous encounters, that the girl was under the age of seventeen.

Freeman first contends that the ultimate admission of evidence was improper because there was no justification for his warrantless arrest.

### II.     Standard of Review

When we review the ruling on a suppression motion, we afford almost total deference to the trial court's determination of historical facts—if supported by the record. *Wade v. State*, 422 S.W.3d 661, 666–67 (Tex. Crim. App. 2013). Regardless of whether the motion was granted or

denied, appellate courts view the evidence in the light most favorable to the ruling. *Id.* The prevailing party is afforded the strongest legitimate view of the evidence and all reasonable inferences that may be drawn from it. *Id.* However, we review de novo a trial court's application of search and seizure law to the facts. *Id.* We will uphold the trial court's ruling if it is reasonably grounded in the record and correct on any theory of law applicable to the case.

### III. Warrantless Arrest

A police officer may arrest an individual without a warrant if (1) probable cause exists with respect to the individual in question and (2) the arrest falls within one of the exceptions set out in Chapter14 of the Texas Code of Criminal Procedure. *Neal v. State*, 256 S.W.3d 264, 280 (Tex. Crim. App. 2008). More specifically, Article 14.01(b) permits a police officer to "arrest an offender without a warrant for any offense committed in his presence or within his view." *See* TEX. CODE CRIM. PROC. ANN. art. 14.01(b) (West 2005); *Gutierrez v. State*, 419 S.W.3d 547, 550–51 (Tex. App.—San Antonio 2013, no pet.). In our review, we look to the totality of the circumstances grounded by facts. *Torres v. State*, 182 S.W.3d 899, 902 (Tex. Crim. App. 2005). Once a defendant objects to the warrantless arrest as an illegal arrest, the burden shifts to the State to prove its legality. *Garrison v. State*, 726 S.W.2d 134, 137 (Tex. Crim. App. 1987). Probable cause requires that the officer have a reasonable belief that, based on facts and circumstances within the officer's personal knowledge, the individual committed or will soon commit an offense. *Neal*, 256 S.W.3d at 280; *Torres*, 182 S.W.3d at 902. This reasonable belief must be founded on specific, articulable facts and not on the mere opinion of the officer. *Torres*, 182 S.W.3d at 902; *Ford v. State*, 158 S.W.3d 488, 493 (Tex. Crim. App. 2005). When several

3

officers are involved in investigating a crime, the sum of information known to cooperating officers at the time of arrest is to be considered in determining whether probable cause to arrest exists. *Garrison*, 726 S.W.2d at 137; *Woodward v. State*, 668 S.W.2d 337 (Tex. Crim. App. 1982).

The Texas Court of Criminal Appeals has upheld "arrests under [Article] 14.01 . . . when the police officers personally observed behavior that although not overtly criminal, was, when coupled with the officers' prior knowledge, sufficient to establish probable cause that an offense was then occurring." *Lunde v. State*, 736 S.W.2d 665, 667 (Tex. Crim. App. 1987).

Here, witnesses had reported that an adult male was on the premises staring into the window of the child's apartment and that the child and the adult male went into an unlit laundry room and closed the door. When the officers entered the darkened and closed laundry room, Freeman was clothed only in boxer shorts and was standing next to a naked minor female who was lying on the floor. One officer had prior knowledge that the female was a minor under seventeen years of age. Under these circumstances, an officer could reasonably believe, based upon the resident's reports and the officer's personal knowledge of the child's age, that a criminal offense was occurring.[1] Based upon the totality of the circumstances as shown by the evidence, we conclude that the trial court did not err by overruling the motion to suppress.

---

[1]The offense of indecency with a child is committed when a person, with intent to arouse or gratify the sexual desire of any person: causes the child to expose the child's anus or any part of the child's genitals, or when a person engages in sexual contact with a child (any touching including touching through clothing, of the anus, breast, or any part of the genitals of a child younger than 17 years of age). TEX. PENAL CODE ANN. §§ 21.11(a)(2)(B), 21.11(c)(1) (West 2011).

4

### IV.	Attorney Fees Order

Freeman next contends that the trial court erred by ordering that he, an indigent person, pay attorney fees for his representation.  The judgment assesses $5,695.00 in attorney fees against Freeman, who was found indigent before trial.  There is no indication of any change in Freeman's financial status.

We have addressed this precise type of error many times in the recent past and have modified the judgment each time as required by law.  Court-appointed attorney fees cannot be assessed against an indigent defendant unless there is proof and a finding that he is no longer indigent.  *Cates v. State*, 402 S.W.3d 250 (Tex. Crim. App. 2013); *Mayer v State*, 309 S.W.3d 552 (Tex. Crim. App. 2010).  In this case, there is no such evidence or finding.  The assessment of attorney fees against Freeman was error.  In such circumstances, the proper remedy is not to reverse the conviction, but merely to modify the judgment by removing the inappropriate fee assessment.  *Id.* at 252; *Martin v. State*, 405 S.W.3d 944 (Tex. App.—Texarkana 2013, no pet.).

We modify the judgment of the trial court by deleting the assessment of fees for Freeman's court-appointed attorney.  As modified, the trial court's judgment is affirmed.


Jack Carter
Justice


Date Submitted:	June 30, 2014
Date Decided:	July 30, 2014

Do Not Publish