PD-0871-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 7/10/2015 5:09:28 PM
Accepted 7/15/2015 2:54:15 PM
ABEL ACOSTA
CLERK

CAUSE NO. _____

IN the

Court of Criminal Appeals

of Texas

_____

On Petition for Discretionary Review from
The First Court of Appeals
In Cause No. 01-14-00807-CR
Affirming the Conviction
In Cause No. 1923909
From Harris County Criminal Court
At Law No. 12

_____

**ALLISON LEIGH CAMPBELL,**
Appellant

vs.

**THE STATE OF TEXAS,**
Appellee.

_____

**PETITION FOR DISCRETIONARY REVIEW
PURSUANT TO RULE 68.01 OF THE TEXAS
RULES OF APPELLATE PROCEDURE**

_____

FILED IN
COURT OF CRIMINAL APPEALS

July 15, 2015

ABEL ACOSTA, CLERK

July 10, 2015

**PAUL MEWIS
ATTORNEY AT LAW
4202 Windy Chase Lane
Katy, Texas 77494-1071
281.392.2306 (telephone)
281.392.7203 (facsimile)
STATE BAR NO. 13986500
ATTORNEY FOR APPELLANT**

## STATEMENT REGARDING ORAL ARGUMENT

**The Appellant WAIVES oral argument in this case.**

## IDENTIFICATION OF THE PARTIES

A complete list of the names of all interested parties is provided below:

Counsel for the State:

> DEVON ANDERSON – District Attorney of Harris County
>
> KIMBERLY APERAUCH STELTER – Assistant District Attorney on appeal
> Appellate Division
> Harris County District Attorney's Office
> 1201 Franklin, Suite 600
> Houston, Texas 77002-1923

Appellant or criminal defendant:

> ALLISON LEIGH CAMPBELL

Counsel for Appellant:

> PAUL MEWIS, Attorney
> Texas Bar Card No. 13986500
> 4202 Windy Chase Lane
> Katy, Texas 77494-1071
> 713.857.7003 (cell)
> 281.392.2306 (office)
> 281.392.7203 (facsimile)
> paul@mewislaw.com (e-mail)

Trial Judge:

> HON. ROBIN BROWN – Presiding Judge

## TABLE OF CONTENTS

**Page**

**STATEMENT REGARDING ORAL ARGUMENT** ......................**ii**

**IDENTIFICATION OF THE PARTIES** .......................**iii**

**INDEX OF AUTHORITIES** ....................................**v**

**STATEMENT OF THE CASE** ...................................**2**

**STATEMENT OF PROCEDURAL HISTORY** .........................**3**

**SOLE GROUND FOR REVIEW** ..................................**3**
   **The First Court of Appeals erred in refusing to acknowledge that Appellant's initial legal detention was unlawfully prolonged, after the detaining officer concluded that Appellant was not either publically intoxicated or driving while intoxicated.**


**ARGUMENT ON REASON FOR GRANTING REVIEW** ..................**3**

**SUMMARY OF THE ARGUMENT** .................................**6**

**CONCLUSION AND PRAYER** ...................................**9**

**CERTIFICATE OF SERVICE** ..................................**9**

**WORD COUNT CERTIFICATE OF COMPLIANCE** ...................**10**

**APPENDIX** ...............................................**11**

# INDEX OF AUTHORITIES

**Cases**                                                                    **Page**

*Branch v. State*,
  335 S.W.3d 893, 900 (Tex.App.-Austin 2011
  pet ref'd)................................................3

*Davis v. State*,
  947 S.W.2d 240, 243 (Tex.Crim.App. 1997)..........4, 5

*Florida v. Royer*,
  460 U.S. 491, 500, 103 S.Ct. 1319, 1325,
  75 L.Ed.2d 229 (1983)................................5

*Kothe*,
  152 S.W.3d at 63-64)................................4

*Parker v. State*,
  297 S.W.3d 803, 809 (Tex.App.-Eastland 2009
  pet ref'd)................................................3

*Robinson*,
  334 S.W.3d at 778-79................................4

*Tanner v. State*,
  228 S.W.3d 852, 855 (Tex.App.-Austin 2007
  no pet.)................................................4

*Terry*,
  382 U.S. at 19-20................................4, 6

*Wolf v. State*,
  137 S.W.3d 797, 802 (Tex.App.-Waco 2004)..........4, 5

*York v. State*,
  342 S.W.3d 528,531 (Tex.Crim.App. 2011)..............7

# Index of Authorities
## (Continued)

**Cases**                                                                    **Page**


**AMENDMENTS:**

**FOURTH AMENDMENT** ...................................4, 5


**STATUTES:**

**TEXAS RULES OF APPELLATE PROCEDURE,**
     ʀULE 68.01 ........................................2

CAUSE NO. _____

IN the

Court of Criminal Appeals

of Texas

_____

On Petition for Discretionary Review from
The First Court of Appeals
In Cause No. 01-14-00807-CR
Affirming the Conviction
In Cause No. 1923909
From Harris County Criminal Court
At Law No. 12

_____

ALLISON LEIGH CAMPBELL,
Appellant

vs.

THE STATE OF TEXAS,
Appellee.

_____

PETITION FOR DISCRETIONARY REVIEW
PURSUANT TO RULE 68.01 OF THE TEXAS
RULES OF APPELLATE PROCEDURE

_____

Comes now ALLISON LEIGH CAMPBELL, hereinafter referred

to as the Appellant, and submits this Petition for

Discretionary Review, Pursuant to Rule 68.01 of the Texas Rules of Appellate Procedure, in the above styled and numbered cause. As grounds to be considered in granting this Petition for Discretionary Review, the Appellant would show the Court the following set of facts and circumstances:,

STATEMENT OF THE CASE

Appellant was charged with the misdemeanor offense of Driving While Intoxicated, alleged to have occurred on or about October 13, 2013. Appellant pled not guilty and a motion to suppress evidence was presented and heard by the trial court (Harris County Criminal Court at Law No. 12) on August 21, 2014. At the conclusion of this hearing, the trial judge denied the motion to suppress evidence. On September 10, 2014, the Appellant pled guilty and the Court assessed punishment at one year in the Harris County Jail, probated for one year, and a Five Hundred ($500.00) Dollar fine.

Appellant gave written notice of appeal on September 24, 2014. The Court signed an order granting permission to appeal the denial of the motion to suppress.

2

## STATEMENT OF PROCEDURAL HISTORY

Appellant's conviction was affirmed by the First Court of Appeals, in Cause No. 01-14-00807-CR, which delivered its opinion on June 4, 2015.  A Motion for Rehearing was filed on June 17, 2015 and denied by the First Court of Appeals on July 2,2015.

## SOLE GROUND FOR REVIEW

The First Court of Appeals erred in refusing to acknowledge that Appellant's initial legal detention was unlawfully prolonged, after the detaining officer concluded that Appellant was not either publically intoxicated or driving while intoxicated.

## ARGUMENT ON REASON FOR GRANTING REVIEW

This Court of Appeals' decision conflicts with other courts of appeals' decisions on the same issue.

On a routine traffic stop, an officer may inquire into matters unrelated to the stop as long as the stop is not unreasonably extended.  See *Branch v. State*, 335 S.W.3d 893, 900 (Tex.App. – Austin 2011, pet ref'd)(citing *Parker v. State*, 297 S.W.3d 803, 809 (Tex.App. – Eastland 2009, pet ref'd).

3

Once the traffic stop investigation is concluded, the officer must no longer detain the driver, who must be permitted to leave. *Kothe*, 152 S.W.3d at 63-64.

Prolonging a detention beyond the conclusion of a routine traffic stop is a violation of the Fourth Amendment unless an officer has developed a reasonable suspicion of illegal activity that would justify the extended detention. *Wolf*, 137 S.W.3d 802 (citing *Terry*, 392 U.S. at 19-20). Such suspicion must be based on more than a mere hunch or non-specific suspicion of criminal activity. *Tanner v. State*, 228 S.W.3d 852, 855 (Tex.App. – Austin 2007, no pet.) The burden is on the State to prove that a reasonable suspicion justified the prolonged detention of Ibanez. See *Robinson*, 334 S.W.3d at 778-79.

In *Davis v. State*, 947 S.W.2d 240 (Tex.Crim.App. 1997), the Court of Criminal Appeals found that the initial stop, for the purpose of determining if the defendant was driving while intoxicated, was reasonable. However, the court also found that the purpose of investigative detention had been concluded when the

officers determined that the defendant was not intoxicated. The continuation of the detention and the investigation after that point was unreasonable.

*Wolf v. State*, 137 S.W.3d 797 (Tex.App. – Waco 2004) – Possession of MDA or ecstasy. Reversed. DPS trooper Nelson, stopped Wolf and his companion. An investigative detention must be temporary and last no longer than is necessary to effectuate the purpose of the stop. *Davis*, 947 S.W.2d at 243 (citing *Florida v. Royer*, 460 U.S. 491, 500, 103 S.Ct. 1319, 1325, 75 L.Ed.2d 229 (1983).

The Waco Court of Appeals held that Officer Nelson's initial detention of Wolf for a defective tag lamp was justified at its inception, but his prolonged detention to allow time for the drug-sniffing dog to arrive was neither necessary to allow Nelson time to issue a warning to Wolf, nor was it reasonably related in scope to his inquiry about the defective tag lamp. This prolonged detention violated the Fourth Amendment because Officer Nelson did not have reasonable suspicion

of illegal activity that would justify the extended detention under *Terry*.

## SUMMARY OF THE ARGUMENT:

*After* his initial reasonable suspicion had been negated, the officer's prolonged detention for further investigation was unreasonable under the law.

The Court of Appeals' opinion, in finding that the officer had reasonable suspicion to initiate an investigation for the offense of public intoxication in his initial approach of Appellant, does not address the reasonableness of his continued detention of Appellant.

The officer made it clear in his testimony that, after approaching Appellant, he had not observed any signs of intoxication and, by his actions of ordering Appellant to drive her car some 500 feet, then park and wait for him, is direct evidence that he had formed no reasonable suspicion to believe that Appellant was a danger to herself or others. Had the officer believed that Appellant posed a threat to herself, her passenger

6

or other people (customers) that were parking or entering and leaving the parking lot, he surely would not have allowed a dangerous, intoxicated person to drive away some 500 feet (unescorted) as he turned his back and proceeded to the Taco Cabana pick-up window to pay for and pick-up his food.

Appellant does not argue that, under the proper set of facts and circumstances, a person asleep in a car (with the engine running) may provide sufficient probable cause for an officer to detain for further investigation, as the court in *York* found (*York v. State*, 342 S.W.3d 528, 531 (Tex.Crim.App. 2011).

However, once our officer dispelled his belief that any crime had been committed, i.e., he failed to smell alcohol and observed no facts to support his belief that Appellant was a danger to herself or others, she should have been free to leave.

Unlike in *York, supra*., where "nothing else occurred that would have negated reasonable suspicion". Once our officer awoke Appellant, his observations supported his conclusion that Appellant was not intoxicated. Thus, he

thought it was safe to order her to drive unescorted some 500 feet without being a danger to herself or others. Appellant should have been free to leave. The officer's prolonged and continuous detention of Appellant, by holding her Texas driver's license, was unreasonable.

In Appellant's case, the officer, after his initial encounter, clearly thought he had no reasonable suspicion to continue a public intoxication nor driving while intoxicated investigation (in that he ordered and allowed Appellant to drive some 500 feet through the parking lot of an open Taco Cabana to a location some 500 feet away [an open WalMart]). All of this transpired while the officer left to go pick-up his food order.

The officer's seizure of Appellant's Texas driver's license was a prolonged detention not supported by any new facts or evidence.

## CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, having considered the authorities and arguments presented herein, the Appellant prays the Court to enter an order setting aside the judgment and sentence in this matter for the reasons enumerated above.

RESPECTFULLY SUBMITTED,

*/s/ Paul Mewis*

**PAUL MEWIS**
**Texas Bar Card No.13986500**
**4202 Windy Chase Lane**
**Katy, Texas 77494-1071**
**281.392.2306**
**281.392.7203 Facsimile**
**ATTORNEY FOR APPELLANT**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Appellant's Brief was mailed by U.S. certified mail #70083230000206358562 to the attention of Ms. Kimberly Aperauch Stelter,

9

Assistant District Attorney, Appellate Division, Harris County District Attorney's Office, 1201 Franklin, Suite 600, Houston, Texas 77002-1923 and by U.S. certified mail #70083230000206358555 to Ms. Lisa McMinn, State's Prosecuting Attorney, P. O. Box 13046, Austin, Texas 78711 on this the 13th day of July, 2015.

/s/ Paul Mewis

**PAUL MEWIS**


## WORD COUNT CERTIFICATE OF COMPLIANCE


I, PAUL MEWIS, the undersigned attorney for Appellant Allison Leigh Campbell, in Appellate Cause No. 01-14-00807-CR, certify that Appellant's Petition for Discretionary Review contains 1,849 words. This Petition for Discretionary Review is a computer-generated document created in Microsoft Word 2010, using Courier New 14 point font. I am relying on the word count provided by the software used to prepare the document.

/s/ Paul Mewis

**PAUL MEWIS**

# A P P E N D I X



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-14-00807-CR

_____

## ALLISON LEIGH CAMPBELL, Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from County Criminal Court at Law No. 12
Harris County, Texas
Trial Court Case No. 1923909

## MEMORANDUM OPINION ON REHEARING

Appellant, Allison Leigh Campbell, was charged by information with driving while intoxicated. After the trial court denied her motion to suppress, Appellant pleaded guilty subject to the right to challenge the ruling on the motion on appeal. In four issues on appeal, Appellant argues the trial court abused its

discretion by denying her motion to suppress because the detaining officer lacked reasonable suspicion or probable cause to detain her.

On June 4, 2015, we issued our original opinion in this case. On June 17, 2015, Campbell filed a motion for rehearing. We deny the motion for rehearing, withdraw our prior opinion and judgment, and issue this opinion and a new judgment in their place. Our disposition remains the same.

We affirm.

## Background

Officer J. Pena was working his off-duty job as a security officer at a Wal-Mart early in the morning on October 13, 2013. At 1:00 A.M., he took a break and drove to the adjoining Taco Cabana to get some food. He ordered his food and pulled up behind three other cars in the line. Two cars moved forward in the line, but the car in front of Officer Pena remained in place. Officer Pena honked his car five times, but the car did not move.

Officer Pena stepped out of his car and approached the car in front of him. He saw Appellant asleep in the driver's seat and another person asleep in the front-passenger's seat. He tapped on the window repeatedly, and no one stirred. He then noticed the driver's side door was unlocked, opened the door, and shook Appellant multiple times. Appellant finally woke up.

2

After Appellant woke up, Officer Pena asked for her driver's license. Appellant gave it to him. Officer Pena pointed at a parking space and instructed Appellant to drive to it and park. At trial, Officer Pena testified that the space was 500 feet away. Appellant complied. Officer Pena kept Appellant's driver's license with him. He retrieved his food order and then parked next to Appellant.

He approached Appellant's car and began talking with her. This time, Officer Pena noticed the aroma of alcohol. After she noticed Officer Pena was not driving a marked patrol car, Appellant became verbally aggressive, cussing at him and claiming he was harassing her. Appellant opened the car door and stepped out. As she did, Officer Pena placed his hand on her. Appellant fell to the ground. Appellant stood up, but had trouble maintaining her balance. She fell again. Officer Pena then placed Appellant in handcuffs.

Officer Pena requested a back-up unit. A DWI unit came out and took over the investigation. Officer Pena had no further involvement in the investigation.

**Motion to Suppress**

Appellant argues in four issues that the trial court abused its discretion by denying her motion to suppress because Officer Pena lacked reasonable suspicion or probable cause to detain her. Specifically, Appellant argues (1) the initial encounter constituted an investigatory detention, (2) Officer Pena lacked the requisite indicia of criminal activity to conduct an investigatory detention, (3) the

second encounter constituted an arrest, and (4) Officer Pena lacked the requisite indicia of criminal activity to arrest her.

## A.    Standard of Review

We review a trial court's denial of a motion to suppress under a bifurcated standard of review. *Turrubiate v. State*, 399 S.W.3d 147, 150 (Tex. Crim. App. 2013). We review the trial court's factual findings for abuse of discretion and review the trial court's application of the law to the facts de novo. *Id.* Almost total deference should be given to a trial court's determination of historical facts, especially those based on an evaluation of witness credibility or demeanor. *Gonzales v. State*, 369 S.W.3d 851, 854 (Tex. Crim. App. 2012). At a suppression hearing, the trial court is the sole and exclusive trier of fact and judge of the witnesses' credibility and may choose to believe or disbelieve all or any part of the witnesses' testimony. *Maxwell v. State*, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002); *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000).

Where, as here, a trial judge does not make explicit findings of fact, we review the evidence in the light most favorable to the trial court's ruling. *Walter v. State*, 28 S.W.3d 538, 540 (Tex. Crim. App. 2000). We will defer to the trial court's fact findings and not disturb the findings on appeal unless the trial court abused its discretion in making a finding not supported by the record. *Cantu v. State*, 817 S.W.2d 74, 77 (Tex. Crim. App. 1991).

**B.      Analysis**

For the purposes of reviewing Fourth Amendment rights against unreasonable search and seizures, there are generally three categories of interactions between police and citizens: consensual encounters, investigatory detentions, and arrests. *State v. Castleberry*, 332 S.W.3d 460, 466 (Tex. Crim. App. 2011). Each of these categories defines (1) the permissible level of intrusiveness of the officer's conduct and (2) the indicia of criminal activity needed to support that level of the officer's intrusion.[1] *See id.*

Consensual encounters consist of mutually voluntary conversations between an officer and another person. *See id.* "An officer is just as free as anyone to stop and question a fellow citizen," and the citizen is free to terminate the encounter at any time. *Id.* For consensual encounters, there does not need to be any indicia of criminal activity. *Id.*

Investigatory detentions consist of encounters where "an officer, 'by means of physical force or show of authority, has in some way restrained the liberty of a citizen.'" *State v. Garcia-Cantu*, 253 S.W.3d 236, 242 (Tex. Crim. App. 2008) (quoting *Terry v. Ohio*, 392 U.S. 1, 19 n.16, 88 S. Ct. 1868, 1879 n.16 (1968)). An

---

[1]     Each of these categories also has a prescribed scope for a reasonable search. *See United States v. Robinson*, 414 U.S. 218, 228, 94 S. Ct. 467, 473 (1973) (recognizing greater restrictions on scope of search when probable cause does not exist). Appellant, however, has not challenged the scope of any officer's search in this appeal. Accordingly, the law on the permissible scope of a search is not pertinent to this appeal.

encounter with the police rises to the level of an investigatory detention if (1) the officer asserts his authority in a way that (2) would cause a reasonable person to believe she is not free to leave. *Crain v. State*, 315 S.W.3d 43, 49 (Tex. Crim. App. 2010).

For investigatory detentions, the officer must have reasonable suspicion of criminal activity in order to detain the person. *Castleberry*, 332 S.W.3d at 466. The officer has reasonable suspicion if he "has specific, articulable facts that, combined with rational inferences from those facts, would lead him to reasonably conclude that the person detained is, has been, or soon will be engaged in criminal activity." *State v. Kerwick*, 393 S.W.3d 270, 273 (Tex. Crim. App. 2013). Such a conclusion is justified when the officer observes "unusual activity." *Id.* "These facts must show unusual activity, some evidence that connects the detainee to the unusual activity, and some indication that the unusual activity is related to crime." *Id.* The facts observed do not need to be criminal in nature themselves. *Woods v. State*, 956 S.W.2d 33, 38 (Tex. Crim. App. 1997). They only need to lead to a reasonable conclusion that the person is, has been, or soon will be engaged in criminal activity. *Kerwick*, 393 S.W.3d at 273.

Finally, arrests consist of restrictions or restraints on a person's movement that is greater than investigatory detention or where no investigation is taking place. *See Burkes v. State*, 830 S.W.2d 922, 925 (Tex. Crim. App. 1991). Whether

6

an investigatory detention elevates to an arrest depends on the facts and circumstances surrounding the detention. *Amores v. State*, 816 S.W.2d 407, 412 (Tex. Crim. App. 1991); *Goldberg v. State*, 95 S.W.3d 345, 360 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd). We look to the reasonableness of the officer's actions, which is to be judged from the perspective of a reasonable officer at the scene, rather than with the advantage of hindsight. *Rhodes v. State*, 945 S.W.2d 115, 118 (Tex. Crim. App. 1997). "Whether a person is under arrest or subject to a temporary investigative detention is a matter of degree and depends upon the length of the detention, the amount of force employed, and whether the officer actually conducts an investigation." *Mount v. State*, 217 S.W.3d 716, 724 (Tex. App.—Houston [14th Dist.] 2007, no pet.).

For arrests, the officer must have probable cause. *Castleberry*, 332 S.W.3d at 466. "[P]robable cause for . . . arrest exists when facts and circumstances within the officer's knowledge *and* about which he or she has reasonably trustworthy information are sufficient to warrant a person of reasonable caution to believe that an offense was or is being committed." *Torres v. State*, 182 S.W.3d 899, 901 (Tex. Crim. App. 2005) (emphasis in original).

Appellant argues that, by holding on to her driver's license and by directing her to park her car in the parking lot, Officer Pena's interaction with her became an investigatory detention. She further argues that, when Officer Pena later placed

7

handcuffs on her, the encounter became an arrest. Finally, she argues that Officer Pena lacked the requisite indicia of criminal activity for either of these levels of encounters. We do not need to determine whether Officer Pena's retaining Appellant's driver's license elevated the encounter to an investigatory detention or whether his handcuffing Appellant amounted to an arrest. Even assuming Appellant is correct on both these points, we hold Officer Pena observed the requisite indicia of criminal activity for each of these levels of encounters.

By the time he took and retained Appellant's driver's license, Officer Pena had honked at Appellant five times, tapped on the window multiple times, and even shaken her multiple times without any response from her. Appellant was parked in a drive-through lane with the engine running.

Appellant argues that these facts are comparable to those in *State v. Griffey*, 241 S.W.3d 700 (Tex. App.—Austin 2007, pet. ref'd). In *Griffey*, the police received a call from a fast-food restaurant manager that someone was passed out in the drive-through lane. *Id.* at 702. When the officer arrived, an employee identified Griffey's car. *Id.* At that time, Griffey was awake and retrieving her food order. *Id.* The officer parked his patrol car in front of Griffey's car, effectively blocking her car. *Id.* After he had Griffey turn off the car and exit the vehicle, the officer noticed the odor of alcohol. *Id.*

The Austin Court of Appeals held that the officer lacked reasonable suspicion based on the legal principle that "[a] tip by an unnamed informant of undisclosed reliability may justify the initiation of an investigation; standing alone, however, it rarely will establish the requisite level of reasonable suspicion." *Id.* at 704. While the officer had received information from an informant that the officer had not previously known, the information was not corroborated by the officer upon arrival. *Id.* at 705. Accordingly, the officer lacked reasonable suspicion. *Id.* at 707.

Appellant points out that the Austin Court of Appeals also held that reports "that an individual was passed out behind the wheel in the drive-through line . . . does not constitute criminal behavior." *Id.* at 705. This holding has been called into question by the Court of Criminal Appeals, however.

In *York*, an officer passed a closed gas station but saw a car parked partially on the sidewalk in front of the store. *York v. State*, 342 S.W.3d 528, 531 (Tex. Crim. App. 2011). York was asleep in the driver's seat with the lights on and the engine running. *Id.* The officer did not smell any alcohol or see any evidence of a burglary from the store. *Id.* Nevertheless, the Court of Criminal Appeals held that these facts supported reasonable suspicion, warranting an investigative detention based on the potential offense of public intoxication. *Id.* at 536–37. In its analysis, the Court of Criminal Appeals distinguished *Griffey* based on the fact that *Griffey*

9

involved corroboration of a citizen-informant tip. *Id.* at 537 n.31. It went on, however, to recognize authority from other jurisdictions holding that reasonable suspicion exists when an officer sees a person asleep in the driver's seat of a car with the engine running. *Id.* (citing *People v. Brown*, 217 P.3d 1252, 1256 (Colo. 2009); *State v. Keller*, 403 So.2d 693, 696 (La. 1981)). *Griffey*'s holding that sleeping in a car in a drive-through is no evidence of a crime, then, is of limited persuasive value. *See* 241 S.W.3d at 705.

As in *York*, we hold Officer Pena had reasonable suspicion of public intoxication to warrant conducting an investigative detention at the time that he took Appellant's driver's license. *See* 342 S.W.3d at 536–37. "A person commits an offense [of public intoxication] if the person appears in a public place while intoxicated to the degree that the person may endanger the person or another." TEX. PENAL CODE ANN. § 49.02(a) (Vernon 2011). The drive-through lane of a fast-food restaurant is a public place. *See York*, 342 S.W.3d at 537 (holding parking lot and sidewalk around gas station is public place). Officer Pena found Appellant asleep in the driver's seat of a car with the engine running while in a drive-through of a fast-food restaurant at 1:00 in the morning. This is sufficient to create reasonable suspicion that Appellant was intoxicated. *See id.* (holding evidence of defendant asleep in car at 3:00 A.M. with engine running, car parked partially on sidewalk, and headlights on created reasonable suspicion of

intoxication). Finally, Appellant's condition could have posed a risk to herself. *See id.* (holding, with engine running, intoxicated driver could, in stupor, drive into building or pose threat on road).

Appellant emphasizes the fact that, when he first approached her the first time, Officer Pena did not smell any alcohol. That was true in *York* as well. "Although Officer Johnson did not smell alcohol as he approached the car, that fact did not cause reasonable suspicion to dissipate, in part because [the defendant] could still have been intoxicated by drugs." *Id.*

In her motion for rehearing, Appellant claims that Officer Pena "made it clear in his testimony that he had not observed any signs of intoxication." Appellant claims that this is proved by the fact that Officer Pena ordered her to drive 500 feet. Even if Officer Pena personally believed at the time that Appellant was not intoxicated, this is not relevant to a determination of reasonable suspicion. "This standard is an objective one that disregards the actual subjective intent or motive of the detaining officer and looks, instead, to whether there was an objective justification for the detention." *State v. Elias*, 339 S.W.3d 667, 674 (Tex. Crim. App. 2011). The fact that Officer Pena ordered Appellant to drive 500 feet does not disprove that he found her asleep in a fast-food-restaurant drive-through lane at 1:00 in the morning or that honking, knocking on her window, and initial physical contact did not wake her. Accordingly, it was within the trial court's

discretion to deny the motion to suppress based on reasonable suspicion. *See Turrubiate*, 399 S.W.3d at 150 (holding appellate courts review trial court's factual findings for abuse of discretion).

By the time he handcuffed Appellant, Officer Pena had noticed the smell of alcohol, Appellant had become agitated and began cussing at him, and Appellant had difficulty standing, falling to the ground more than once. We hold these facts, coupled with the facts that it was 1:00 A.M. and that Appellant had fallen into a deep sleep in a brief amount of time, was in a location requiring her attention, and left the car running, are sufficient to create probable cause for public intoxication. *See Gutierrez v. State*, 419 S.W.3d 547, 551 (Tex. App.—San Antonio 2013, no pet.) (holding argumentative behavior, slurred speech, dazed appearance, and glassy, bloodshot eyes sufficient to support probable cause for public intoxication); *Campbell v. State*, 325 S.W.3d 223, 232 (Tex. App.—Fort Worth 2010, no pet.) (holding sleeping in car, smelling of alcohol, slurring words, and reaching for keys already in ignition support probable cause for public intoxication).

We hold the trial court could have determined within its discretion that Officer Pena had reasonable suspicion to conduct an investigative detention and then had probable cause to arrest Appellant. Accordingly, we overrule Appellant's second and fourth issues. Because these rulings are dispositive to affirming the

12

trial court's ruling on Appellant's motion to suppress, we do not need to reach Appellant's first and third issues. *See* TEX. R. APP. P. 47.1.

## Conclusion

We affirm the judgment of the trial court.

Laura Carter Higley
Justice

Panel consists of Chief Justice Radack and Justices Higley and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).