

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

NO. 2-09-277-CR

SCOTT MARCUS SNELL                                                         APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

------------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

------------

## OPINION

------------

Appellant Scott Marcus Snell appeals from his conviction by a jury for the offense of robbery by threats. The issue on appeal is whether the trial court erred by failing to give a requested spoliation instruction to the jury. We resolve this issue in favor of the State and affirm the trial court's judgment.

David Smith arranged to meet Brandi Harper, who had advertised herself as a prostitute, at a hotel in Arlington. When he met her in the hotel room, he noticed that she seemed nervous. After he gave her the agreed amount of

money, they sat and talked for a few minutes. When someone knocked on the door to the room a few minutes later, Harper told Smith to go in the bedroom and she opened the door.

Two men, Sherbrodrick Holloman and Russell Francis, came into the bedroom looking for Smith. The men told Smith that he was in trouble because Harper was underage. They also threatened him and demanded his wallet, car keys, and phone.

Holloman and Harper left with Smith's credit cards, driver's license, and car, then drove to Wal-Mart where they bought a laptop and an X-Box 360. Francis stayed at the hotel to guard Smith. While Harper and Holloman were gone, Appellant and Rodney Braswell, arrived. Appellant brought with him what looked to be crack cocaine and he, Braswell, and Francis smoked it.

When Holloman and Harper came back, they started to give Smith's things back to him and let him go. Appellant said no and told them he wanted money. Harper said that Smith had been through enough, but Appellant insisted. He and Braswell told Smith to come with them to get some money or they would beat him and leave him in a ditch.

Braswell drove Appellant and Smith to a nearby Valero convenience store. They took Smith inside and had him withdraw $800 from an ATM. They also had him charge food, prepaid cell phone minutes, and cigarettes. Crystal

2

Jones, the clerk, thought the men were acting oddly. She noticed that Appellant appeared aggressive and that he and Braswell were having a good time, while Smith looked scared. Jones asked Smith if he was okay, and he said that he was not. As the trio left the store, she held up the phone and pantomimed to Smith whether she should call for help. He nodded yes.

Jones called 9-1-1 to seek help and to report these events. A short time later, police saw the men in a car and pulled them over. When they pulled Smith out of the car, he told the police what had happened. Police found over $600 in Appellant's shoe. The next day they found the items from Wal-mart in the room where Smith, Holloman, and Francis were staying.

Jones testified that the store had a video surveillance system and that she had reviewed the videotape. Grand Prairie Police Detective Heath Wester reviewed the videotape with the store's manager. He asked for the videotape, and the manager told him that corporate security would provide a copy. Later he learned that someone with the company, not anyone at the local store, deleted the contents on the videotape.

The defense requested that the court give the jury a spoliation instruction as a result of the deleted content on the tape.[1] The court overruled the objection and denied the requested instruction.

We now turn to the questioned presented. Did the trial court err by not giving the spoliation instruction?

Appellant's issue is whether the trial court erred by not including a spoliation instruction. He relies principally on the analysis set out in *Pena v. State*, 226 S.W.3d 634 (Tex. App.—Waco 2007), *rev'd on other grounds*, 285 S.W.3d 459 (Tex. Crim. App. 2009). This court has declined to follow *Pena* and has held that to show a violation of the Texas Due Course of Law

---

[1] The requested instruction was the following:

You may take note of the fact that the State had learned of the existence of the videotape that recorded the Diamond Shamrock location involving the victim and the Defendant. Such a videotape is, as a matter of law, material evidence and that had the videotape been available for the jury to review, it may have exculpated the Defendant regarding the alleged victim's actions and the Defendant's intent. The fact that the State lost or failed to preserve the videotape, the Defendant, therefore, did not have an opportunity to review and present the evidence to you, the jury. The fact that the State lost or failed to preserve the video does not in and of itself require you to acquit the Defendant. It is, however, one factor for you to consider in your deliberations. If after consideration of all the proof you find that the State failed to gather or preserve evidence, the contents or quality of which are at issue and the production may or may not have been a benefit to the Defendant, you may infer that the absent evidence would be favorable to the Defendant.

4

provision, an appellant must show that the State acted in bad faith. *See Salazar v. State*, 298 S.W.3d 273, 277–79 (Tex. App.—Fort Worth 2009, pet. ref'd); *see also Pachecano v. State*, 881 S.W.2d 537, 542–43 (Tex. App.—Fort Worth 1994, no pet.) (implying that if appellant were entitled to a spoliation instruction, he would have to show that the destroyed evidence was material and that he was significantly prejudiced at trial by its loss, as well as bad faith by the State).[2] Here, there is no claim of bad faith on the part of the State.

We conclude that there was no error and affirm the trial court's judgment.


CHARLES BLEIL
JUSTICE

PANEL: DAUPHINOT and MCCOY, JJ.; and CHARLES BLEIL (Senior Justice, Retired, Sitting by Assignment).

DAUPHINOT, J. filed a concurring opinion

PUBLISH

DELIVERED: August 31, 2010

---

[2] Although not precedential, these are illustrative of the same principle. *See Moore v. State*, No. 74,059, 2004 WL 231323, at *4 (Tex. Crim. App. Jan. 14, 2004) (not designated for publication) (holding that the trial court did not err by refusing a requested spoliation instruction when the record did not show that the item possessed exculpatory value to appellant before it was destroyed, nor bad faith by the police in its destruction); *Payne v. State*, No. 02-09-00100-CR, 2010 WL 1730857, at *2–4 (Tex. App.—Fort Worth Apr. 29, 2010, no pet.) (mem. op., not designated for publication) (applying *Salazar* and holding that requested spoliation instruction was properly denied).

5



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

NO.  2-09-277-CR

SCOTT MARCUS SNELL                                              APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

------------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

------------

## CONCURRING OPINION

------------

I write separately because I believe that the majority should more fully explain why the destruction of the videotape that would show what occurred during the robbery did not require reversal for the denial of a spoliation instruction.

Appellant timely requested preservation of the best evidence of what occurred during the robbery and of the degree of his culpability.  Only the

police, not Appellant, could seize evidence at the crime scene.[3]   Although Appellant could have subpoenaed the videotape, there was no trial date, hearing, or deposition schedule that would have justified a subpoena.   At trial, the State elicited evidence of the contents of the videotape, and, because the videotape had been destroyed, Appellant was unable to challenge the accuracy of the testimony.

I agree with Appellant that the State had a duty to preserve the videotape.  The State should have seized and preserved the videotape.  But the police were unaware that the videotape would be destroyed and did not themselves ever have possession of the videotape.  Appellant has not claimed that the State destroyed or encouraged others to destroy the videotape or that the State even knew that others would destroy it.  Appellant also does not ask us to hold that the trial court erred by allowing the detective to testify to the contents of the videotape.  Thus, that issue is not before this court.

Is spoliation the same as failure to preserve the evidence?  If not, Appellant was not entitled to a spoliation instruction because no party, either directly or indirectly, destroyed the videotape.  The Texas Supreme Court has defined spoliation as "an evidentiary concept that allows 'the factfinder to

---

[3] *…  See* Tex. Code Crim. Proc. Ann. art. 18.01 (Vernon Supp. 2009).

2

deduce guilt from the destruction of presumably incriminating evidence.'"[4] Because there was no showing in the trial court that the State caused or knowingly allowed the videotape to be destroyed, Appellant was not entitled to a spoliation instruction.

I therefore respectfully concur in the result only.

LEE ANN DAUPHINOT
JUSTICE

PUBLISH

DELIVERED:  August 31, 2010

---

[4] *...* *Cire v. Cummings*, 134 S.W.3d 835, 843 (Tex. 2004) (citing *Trevino v. Ortega*, 969 S.W.2d 950, 952 (Tex. 1998)).