

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00277-CR

ALBERTO JOSE MEZA                                                      APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

----------

### FROM THE 271ST DISTRICT COURT OF WISE COUNTY
### TRIAL COURT NO. CR17201

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

Appellant Alberto Jose Meza appeals his conviction for possession of a controlled substance in the amount of more than four but less than 200 grams. In two points, Meza argues that the trial court erred by overruling his request for

----

[1]*See* Tex. R. App. P. 47.4.

a spoliation jury instruction and that the trial court erred by overruling his motions for mistrial. We will affirm.

## II. BACKGROUND

The facts of this case are not in dispute. Officer Brody Brown of the Boyd Police Department testified that on July 17, 2012, at roughly 2:30 a.m., he pulled Meza over for speeding. Upon approaching Meza's vehicle, Brown noticed the strong smell of marijuana emitting from the vehicle, and he saw an open liquor container. In the search of Meza's vehicle that followed, Brown found loose marijuana strewn about the vehicle's cabin, three boxes of plastic baggies in its backseat, and scales with white residue on them in the vehicle's console. After Brown and a fellow officer noticed that the dashboard of the vehicle appeared loose, they searched behind the dashboard and found twelve grams of cocaine and slightly less than one gram of methamphetamine.

Significant to Meza's points on appeal, the in-car video camera in Brown's patrol vehicle was an "old-fashioned VHS recorder in the trunk of his car." According to Brown, when he attempted to remove the tape at the end of his shift, it tangled in the machine. Brown said that he attempted to manually rewind the tape but that it was beyond repair. Brown noted the problem in his report and placed the tape in his sergeant's box. By Brown's account, he did not know what ultimately became of the tape.

A jury returned a verdict of guilty on the State's indictment that Meza possessed a controlled substance and sentenced him to twenty years'

2

incarceration. The trial court entered judgment accordingly, and this appeal followed.

### III. DISCUSSION

### A. No Spoliation Instruction Required

In his first point, Meza argues that the trial court erred by denying his request for a spoliation jury instruction regarding the missing in-car videotape. The State argues, among other things, that Meza has not shown that the State failed to produce the videotape from Brown's patrol vehicle in bad faith and thus the trial court did not abuse its discretion by denying Meza's requested instruction. We agree with the State.

In criminal cases involving the State's failure to preserve evidence, the defendant is required to show some bad faith on the part of the State for potentially useful evidence or some indication that the evidence would have been exculpatory in order to be entitled to a spoliation-type jury instruction. *See Snell v. State*, 324 S.W.3d 682, 684 (Tex. App.—Fort Worth 2010, no pet.); *White v. State*, 125 S.W.3d 41, 43–44 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd); *Gutierrez v. State*, No. 11–10–00276–CR, 2011 WL 4135743, at *1 (Tex. App.—Eastland Sept. 15, 2011, no pet.) (mem. op., not designated for publication) (holding that where the defendant could show only that the lost evidence might have been exculpatory and could not show bad faith on the part of the State, the trial court did not err by refusing the spoliation instruction).

3

Here, Meza has alleged, but not shown, that the videotape of his arrest from the vantage of Brown's patrol vehicle might have been exculpatory. But he has not alleged, or shown, that the State acted in bad faith by being unable to produce the videotape. Indeed, the only evidence of what became of the videotape came from Brown's testimony that the tape was an older-style VCR tape whose internal tape snagged on the equipment when he took the tape out of the recorder and that he did not know what became of the tape after he had attempted to repair it. In short, Meza has not shown that the State acted in bad faith regarding the videotape. *See Chavis v. State*, No. 13-10-00547-CR, 2012 WL 592998, at *4–5 (Tex. App.—Corpus Christi Feb. 23, 2012, no pet.) (mem. op., not designated for publication) (holding that trial court did not err by denying requested spoliation instruction because appellant had not shown bad faith on the part of State regarding unproduced in-car video). Thus, the trial court did not err by denying Meza's requested spoliation jury instruction. We overrule Meza's first point.

## B.    Denial of Meza's Motions for Mistrial

In his second point, Meza argues that the trial court abused its discretion by denying his motions for mistrial. Specifically, Meza argues that "[t]he prosecutor continually interjected matters outside the record and commented on the failure of [Meza] to call a witness or testify." After we briefly set out the law and standard of review, we will discuss these "matters" in turn.

4

### 1.    Standard of Review on Motion for Mistrial

We review a trial court's denial of a motion for mistrial under an abuse of discretion standard and "must uphold the trial court's ruling if it was within the zone of reasonable disagreement." *Archie v. State*, 221 S.W.3d 695, 699 (Tex. Crim. App. 2007) (citing *Wead v. State*, 129 S.W.3d 126, 129 (Tex. Crim. App. 2004)). "Only in extreme circumstances, where the prejudice is incurable, will a mistrial be required." *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004). A mistrial is appropriate only for a narrow class of highly prejudicial and incurable errors and may be used to end trial proceedings when the error is "so prejudicial that expenditure of further time and expense would be wasteful and futile." *Id.* (quoting *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999), *cert. denied*, 529 U.S. 1070 (2000)).

### 2.    The "Errors"

The first statement Meza complains about is that during closing arguments, at the guilt-innocence phase of trial, and after having just explained that police found "baggies both for the cocaine and . . . separate baggies for marijuana" in Meza's vehicle, the prosecutor asked the rhetorical question to the jury, "What is this guy involved in?" To which Meza objected at trial on the grounds that the prosecutor was commenting on Meza's failure to testify. The trial court overruled the objection. Now on appeal, Meza argues that this comment was "clearly outside the record and the rhetorical question was directed at no one but" him. To the extent that Meza is now arguing that the prosecutor's

5

statement was "clearly outside the record," we need not address this argument because Meza's objection at trial does not comport with the argument he now raises on appeal; he has forfeited our review of this objection. *See* Tex. R. App. P. 33.1(a); *Bell v. State*, 938 S.W.2d 35, 54 (Tex. Crim. App. 1996), *cert. denied*, 522 U.S. 827 (1997). And to the extent that Meza's argument is to be somehow construed as raising an issue pertaining to the prosecutor having commented on his failure to testify, we decline to address the issue because Meza has not cited any authority nor has he provided any analysis as to how the prosecutor's comment involved an improper question "directed at no one but" him. *See* Tex. R. App. P. 38.1(i); *Hankins v. State*, 132 S.W.3d 380, 385 (Tex. Crim. App. 2004) ("Because appellant does not provide any argument or authority in support of this contention, it is inadequately briefed.").

Meza next complains about two instances in which the trial court sustained Meza's objections during the State's closing arguments at guilt-innocence, instructed the jury to disregard the statements, but denied Meza's motions for mistrial. Meza, however, points to no evidence that the jury failed to follow the trial court's instructions to disregard the prosecutor's statements, even assuming they were improper. Thus, we presume the jury followed the trial court's instructions and that the trial court did not abuse its discretion by denying Meza's motions for mistrial. *See Orr v. State*, 306 S.W.3d 380, 405 (Tex. App.—Fort Worth 2010, no pet.) ("In the absence of evidence that it did not, we presume the jury followed the trial court's instruction to disregard the improper question.").

6

The next statements Meza complains about occurred at the punishment phase of trial wherein the trial court sustained Meza's objections that the prosecutor had speculated outside of the record. Much like the complained-of statements above, Meza has not cited any authority nor has he provided any analysis as to how the prosecutor's comments were speculative, outside the record, or otherwise improper. *See* Tex. R. App. P. 38.1(i); *Hankins*, 132 S.W.3d at 385 ("Because appellant does not provide any argument or authority in support of this contention, it is inadequately briefed.").

Finally, Meza argues that the prosecutor "gave an improper analysis of the parole law" during closing arguments at punishment. But like the other objections that Meza preserved, the trial court instructed the jury to disregard the prosecutor's statement, we presume that the jury followed the instruction, and Meza has pointed to no evidence that it did not. *See Orr*, 306 S.W.3d at 405.

### C.    No Cumulation

Meza's overall second point on appeal is that the cumulative effect of these complained-of statements entitle him to a new trial. Meza concedes that the "prosecutor's comments in the present case were not necessarily individually improper." We conclude that there is no cumulative error.

Cumulative error concerns performance of a harm analysis only when multiple errors have been established. *See Chamberlain v. State*, 998 S.W.2d 230, 238 (Tex. Crim. App. 1999), *cert. denied*, 528 U.S. 1082 (2000). But having already determined that Meza either forfeited review, failed to establish error, or

7

failed to show that the trial court did not cure any perceived error, there can be no cumulative error or harm. *See Wyatt v. State*, 23 S.W.3d 18, 30 (Tex. Crim. App. 2000) (rejecting appellant's argument that cumulative effect of errors at trial denied him the right to a fair trial where the court had previously rejected each of appellant's individual arguments). We overrule Meza's second point.

## IV. CONCLUSION

Having overruled both of Meza's points on appeal, we affirm the trial court's judgment.

/s/ Bill Meier
BILL MEIER
JUSTICE

PANEL: LIVINGSTON, C.J.; MEIER and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: October 1, 2015