

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-18-00166-CR

_____

PETE EDWARD CHANDLER, Appellant

V.

THE STATE OF TEXAS

On Appeal from County Criminal Court No. 6
Tarrant County, Texas
Trial Court No. 1529515

Before Sudderth, C.J.; Pittman and Birdwell, JJ.
Memorandum Opinion by Justice Birdwell

# MEMORANDUM OPINION

## I. Introduction

Appellant Pete Edward Chandler was convicted of class B misdemeanor driving while intoxicated even though the video of the traffic stop had been lost. *See* Tex. Penal Code Ann. § 49.04(a) (West Supp. 2018). In two points, Chandler argues that the trial court reversibly erred when it denied his requested jury instruction on spoliation regarding the traffic-stop video and that the $25 "district attorney fee" mandated by Texas Code of Criminal Procedure article 102.008(a) is unconstitutional. Because the judgment contains a $100 emergency management services fee that we have previously held is unconstitutional, we modify the judgment to delete that fee and affirm the trial court's judgment as modified.[1]

## II. No Error in Denying Spoliation Instruction

On the night that Chandler was arrested for DWI, the officer's in-car dash camera recorded the traffic stop. While the case was pending, two of the sheriff's department's hard drives "crashed," causing the video of the stop to "no longer [be] recoverable." The point person for the sheriff's department who was in charge of uploading the video to TechShare (the electronic system through which the District Attorney's Office provides discovery to defense counsel) testified that it is uncommon

---

[1]Because Chandler does not challenge the sufficiency of the evidence to support his conviction, we omit a detailed factual background and instead include pertinent facts under each of his points.

2

to lose a video because all videos are written across multiple hard drives on the server. An employee of the sheriff's department who provides technical support services testified that normally, if only one hard drive fails, it can be replaced, and the data can be rebuilt onto that hard drive. In this instance, however, two hard drives failed simultaneously, preventing the data from being rebuilt and resulting in the loss of nine months of data. He opined that it would cost "well over $10,000 to recover" the lost data.

In his first point, Chandler argues that the trial court reversibly erred by denying his requested spoliation jury instruction regarding the lost video. In our review of a jury charge, we first determine whether error occurred; if error did not occur, our analysis ends. *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012). If error occurred, whether it was preserved determines the degree of harm required for reversal. *Id.*

In the criminal context, when spoliation concerns potentially useful evidence, the defendant bears the burden of establishing that the State lost or destroyed the evidence in bad faith. *See Ex parte Napper*, 322 S.W.3d 202, 229 (Tex. Crim. App. 2010). "[B]ad faith entails some sort of improper motive, such as personal animus against the defendant or a desire to prevent the defendant from obtaining evidence that might be useful." *Id.* at 238. Absent evidence of bad faith, a spoliation instruction is not required. *See Arizona v. Youngblood*, 488 U.S. 51, 57–58, 109 S. Ct. 333, 337–38 (1988).

Here, even if Chandler could show that the missing video was potentially useful evidence, he has not alleged or shown that the State or the sheriff's office lost the video in bad faith. The record demonstrates that two hard drives on the sheriff's department's server failed simultaneously, which had not happened in the five years that the technical support services employee had been employed with the sheriff's department. There was no evidence that the loss of the video was due to any improper motive on the part of the State. Chandler has therefore failed to carry his burden of establishing that the State lost the video in bad faith.[2]

Accordingly, we hold that the trial court did not err by denying Chandler's requested spoliation jury instruction regarding the traffic-stop video. *See Moody v. State*, 551 S.W.3d 167, 172 (Tex. App.—Fort Worth 2017, no pet.) (mem. op.) (holding no error in failing to include spoliation instruction in jury charge because there was no showing of bad faith on the part of the State); *Meza v. State*, No. 02-14-00277-CR, 2015 WL 5770748, at *2 (Tex. App.—Fort Worth Oct. 1, 2015, pet. ref'd)

---

[2]Chandler argues that the State failed to produce the video "in spite of the fact that the video was not completely lost[] but rather would merely be costly to recover." Chandler's argument does not, however, allege bad faith on the part of the State or the sheriff's department in *the loss* of the video. To the extent that Chandler's argument intimates that the State had a duty to recover the video after the loss, he has not cited, and we have not found, any statute or case establishing that the State has a duty to expend an exorbitant amount of taxpayer funds to recover evidence that was accidentally lost. Furthermore, the State's duty to turn over material evidence and exculpatory evidence does not extend to lost items but instead is limited to items in its possession, custody, or control. *See generally* Tex. Code Crim. Proc. Ann. art. 39.14(a), (h) (West Supp. 2018).

(mem. op., not designated for publication) (same); *Snell v. State*, 324 S.W.3d 682, 684 (Tex. App.—Fort Worth 2010, no pet.) (same).  We overrule Chandler's first point.

### III.  Article 102.008(a) Is Constitutional on Its Face

After Chandler was convicted, the trial court assessed court costs against him. The bill of cost sheet in the record contains an itemized list of each of the costs assessed, including $25 for "FEE SERVICES PROSECUTOR/DA."

In his second point, Chandler argues that the $25 district attorney fee mandated by Texas Code of Criminal Procedure article 102.008(a) is unconstitutional.  *See* Tex. Code Crim. Proc. Ann. art. 102.008(a) (West 2018).  Chandler contends that article 102.008(a) is unconstitutional to the extent that it allocates funds to the county's general fund because those funds allow spending for purposes other than legitimate criminal justice purposes in violation of the separation of powers provision of the Texas constitution.  We construe Chandler's argument as a facial challenge.

This court has recently set forth a detailed analysis explaining that because interrelated statutes "direct[] the fee to be expended as compensation for the prosecuting attorney," which is kept separate from other county funds, the $25 fee is expended for a legitimate criminal justice purpose.  *See Tyler v. State*, No. 02-17-00255-CR, 2018 WL 5668528, at *6 (Tex. App.—Fort Worth Nov. 1, 2018, no pet.); *see also Hernandez v. State*, No. 01-16-00755-CR, 2017 WL 3429414, at *7 (Tex. App.—Houston [1st Dist.] Sept. 20, 2018, no pet. h.) (Keyes, J., dissenting from denial of reh'g).  In accordance with our decision in *Tyler*, we hold that article 102.008(a) is

5

facially constitutional. 2018 WL 5668528, at *6. We overrule Chandler's second point.[3]

## IV. Conclusion

Having overruled Chandler's two points but having found that the judgment does not match the bill of cost, we modify the judgment to delete the $100 emergency management services fee from the $432.10 total costs assessed, leaving $332.10 in total court costs, and we affirm the trial court's judgment as modified.

/s/ Wade Birdwell

Wade Birdwell
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: December 13, 2018

---

[3]The bill of cost in the record reflects that the $100 emergency management services fee has been struck through by hand and that the total of $432.10 has been struck through by hand and reduced to a total of $332.10. This handwritten reduction is proper because we have held that the emergency management services fee imposed under article 102.0185 is facially unconstitutional. *See Casas v. State*, 524 S.W.3d 921, 926–27 (Tex. App.—Fort Worth 2017, no pet.). Because the judgment incorrectly assessed total court costs of $432.10, we modify the judgment to subtract the $100 emergency management services fee, leaving $332.10 in total court costs.