

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-23-00023-CR

SHELTON RAY SLIMP, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 271st District Court
Wise County, Texas
Trial Court No. CR10646

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

## MEMORANDUM OPINION

A Wise County jury found Shelton Ray Slimp guilty of two counts of indecency with a child by contact. After a bench trial on punishment, the trial court sentenced Slimp to fourteen years' imprisonment.[1] On appeal, Slimp raises three points of error, which we overrule.

In his first point of error, Slimp complains of evidence from 1995 related to this case that was lost or destroyed and argues that, even though current law does not allow for a spoliation remedy without a showing of bad faith, this Court should "reevaluate the current state of the law and amend existing precedent with regards to spoliation in criminal cases." Because we apply the precedent of the Second Court of Appeals to this transferred case, we decline Slimp's invitation to create new law for our sister court.

In his second point of error, Slimp argues that the trial court erred by allowing an investigator to read notes from a Children's Advocacy Center (CAC) interview of the victim over a Confrontation Clause objection. Because the victim's cumulative testimony was admitted without objection, we conclude that Slimp was unharmed by any alleged error.

In his final point of error, Slimp argues that the trial court erred by denying a mistrial when a witness testified that he committed a prior bad act by failing to pay child support for his child. We find no abuse of discretion in the trial court's ruling since an instruction to disregard the testimony cured any harm from the witness's testimony. Consequently, we affirm the trial court's judgment.

---

[1] Originally appealed to the Second Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001. We follow the precedent of the Second Court of Appeals in deciding this case. *See* TEX. R. APP. P. 41.3.

## I.    We Decline to Create New Precedent for Our Sister Court

The State alleged that Slimp committed two counts of indecency with a child, Autumn,[2] in 1995. By the time the child had made an outcry, Slimp had moved to Germany and was not found until 2017. According to the State, it had not been able to "get [Slimp] back to the United States until 2021."

Slimp filed a motion to dismiss the State's indictment because "a VHS tape interview that was done of [Autumn] back in 1995 by CPS," was "turned over to an investigator with the Wise County District Attorney's Office, and [was] apparently . . . lost, destroyed, or deleted." Slimp also requested a spoliation instruction in the jury charge. Both of Slimp's requests were denied.

On appeal, Slimp does not argue that the trial court erred by denying either his motion to dismiss the case or his requested spoliation instruction. Slimp also acknowledges that the precedent of the Second Court of Appeals requires a showing of bad faith to show spoliation and that Slimp "did not contend, and certainly was not able to prove, any bad faith on behalf of the State of Texas." *See Moody v. State*, 551 S.W.3d 167, 172 (Tex. App.—Fort Worth 2017, no pet.) (citing *Snell v. State*, 324 S.W.3d 682, 684 (Tex. App.—Fort Worth 2010, no pet.)); *see also Greco v. State*, No. 02-19-00383-CR, 2021 WL 3557041, at *7 (Tex. App.—Fort Worth Aug. 12, 2021, no pet.) (mem. op., not designated for publication) (finding that, in the absence of bad faith on the State's part, "the trial court did not err by denying [a] motion to dismiss due to destruction of evidence" and "did not commit error in refusing [a] spoliation instruction").

---

[2]Because sensitive data in criminal cases includes "the name of any person who was a minor at the time the offense was committed," we use a pseudonym to refer to the victim. TEX. R. APP. P. 9.10(a)(3).

Instead, Slimp requests that we reevaluate and amend current spoliation precedent. We decline to do so.

A transferee court that receives an appeal "must decide the case in accordance with the precedent of the transferor court under principles of stare decisis . . . . " TEX. R. APP. P. 41.3. The Texas Supreme Court's comment to Rule 41.3, which was approved by the Texas Court of Criminal Appeals, explains that this requirement ensures the "transfer will not produce a different outcome, based on application of substantive law, than would have resulted had the case not been transferred." *Id*. cmt. Slimp's request seeks to alter the substantive law of the transferring court. Because the precedent of the Second Court of Appeals requires a showing of bad faith on a spoliation claim and Slimp made no such showing, we overrule Slimp's first point of error.

## II. Cumulative Testimony Cured Any Confrontation Clause Error

In his second point of error, Slimp argues that the admission and reading of notes from Autumn's CAC interview violated his Confrontation Clause rights because the sponsoring witness was not the author of the notes.[3] Because the same or similar evidence was admitted without objection, we overrule Slimp's point of error.

### A. The Evidence at Trial

Autumn's mother, Martha, was the State's first witness at trial. Martha testified that, when Autumn was eleven years old, she told her that Slimp "was touching [her] on [her] private

---

[3]The State argues that Slimp did not preserve this argument. We disagree. The record shows that Slimp objected because the report was "being sponsored by someone who did not prepare the report, [which] denie[d] [him] the constitutional right to confront and cross-examine the individual who made these statements in the report."

4

parts and sucking on [her] titties" while she was going to sleep on the couch at Slimp's parent's house. Martha clarified that Autumn said Slimp touched her vagina and breasts. According to Martha, Autumn said that "she started hitting [Slimp], pulling his hair, [and] telling him to stop" before "[h]e finally stopped." Martha testified that, when she asked Autumn if anything happened the following night, Autumn said that "she woke up[,] . . . felt like she had to go pee[,] . . . [a]nd so when she did . . . her panties were down around her ankles." Martha also said that Autumn told her Slimp "kept asking her, will you please sleep with me? And she kept saying no, that she wasn't going to go sleep with him and stuff."

The State's second witness, Robert Pawley, an investigator with the Wise County District Attorney's Office, testified that he interviewed Slimp after his extradition. Pawley's testimony, and the recorded interview of Slimp that was admitted without objection, showed that Slimp admitted to touching Autumn's breasts and genitals and "suck[ing]" her breasts for sexual gratification in 1995. Pawley testified that Slimp wrote apology letters to both Autumn and her cousin, which were admitted into evidence without objection.

After Pawley was cross-examined about Autumn's missing recorded CAC interview, he read the CAC interviewer's notes over Slimp's Confrontation Clause objection. The notes stated that Autumn had identified Slimp as the perpetrator and that, while asleep at Slimp's parent's house, Autumn "woke up . . . [with] her panties . . . around her ankles" while Slimp "was playing with her . . . titties." Autumn also said that "she was laying on the couch bed with [Slimp]" and that, "when she woke up, her legs were spread apart." The notes discussed another incident

5

when "[Autumn] was in the living room coloring and . . . Mr. Slimp came up behind her and put his hand on her breast." According to the notes,

> [Autumn] stated that she told [Slimp] to stop and that she was hitting him. She stated that he stopped and then started touching her female cousin, who was in the room with her. She stated that she and her cousin always tell each other secrets and that she found out that Mr. Slimp had been touching her cousin also.

## B.     Standard of Review

"We review a trial court's ruling on the admissibility of evidence under an abuse of discretion standard, and we must uphold the trial court's ruling if it was within the zone of reasonable disagreement." *Wells v. State*, 611 S.W.3d 396, 427 (Tex. Crim. App. 2020).

A trial court does not abuse its discretion in overruling an objection to the admission of evidence when "the same or similar evidence had been previously received without objection." *Lozano v. State*, 359 S.W.3d 790, 823–24 (Tex. App.—Fort Worth 2012, pet. ref'd) (citing *Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998) (holding that "overruling an objection to evidence will not result in reversal when other such evidence was received without objection, either before or after the complained of ruling")); *see also Coble v. State*, 330 S.W.3d 253, 282 (Tex. Crim. App. 2010). Also, "[a]n error[, if any,] in the admission of evidence is cured where the same evidence comes in elsewhere without objection." *Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003); *see Lozano*, 359 S.W.3d at 823–24; *Sandone v. State*, 394 S.W.3d 788, 794 (Tex. App.—Fort Worth 2013, no pet.) ("The improper admission of evidence is harmless if the same or similar evidence is admitted without objection at another point in the trial.").

### C. Analysis

Here, the record shows that Autumn's description of the acts committed by Slimp against her were already admitted into evidence without objection before the admission of the CAC interview notes. The jury had already heard from Martha that Slimp touched Autumn's breasts and privates and placed his mouth on her breasts. The jury also heard Pawley's testimony that Slimp admitted to those acts during his interview and wrote letters of apology to both Autumn and her female cousin, Pam. As a result, to the extent that the same or similar evidence was previously admitted before the jury without objection, we find that the trial court did not abuse its discretion by overruling Slimp's objection to the CAC notes.

As for the statements made during the CAC interview that were not already before the jury, we assume error, but find that it was cured by admission of later cumulative testimony. The State called Autumn as its third witness. Autumn again testified to the acts committed by Slimp referenced in the CAC interview notes, as well as other acts. Pam, the State's fourth witness, testified that she personally observed Slimp inappropriately touching Autumn on her breasts and privates several times. Pam testified about Slimp's abuse against her, including that she was also touched by Slimp on her breasts and privates when she was a child.

After reviewing the record, we conclude that any error in the admission of the CAC interview notes was cured by cumulative testimony admitted without objection. As a result, we overrule Slimp's second point of error.

**III.    The Trial Court Did Not Abuse Its Discretion by Denying a Motion for Mistrial**

Slimp's third point of error argues that the trial court should have granted a mistrial after a witness testified that Slimp owed child support.  Slimp points us to the following transcript:

> [THE WITNESS]:  . . . . I tried Googling it to see if I could locate [Slimp], because he still owed me child support --
>
> [BY THE DEFENSE]:  Your Honor, I object -- I object to extraneous evidence.  She just introduced a new offense into this trial, your Honor.  It's not relevant to this case at all.
>
> THE COURT:  Sustain the objection.
>
> [BY THE DEFENSE]:  I request the Court to instruct the jury to disregard that statement in its totality.
>
> THE COURT:  Ladies and gentlemen of the jury, I'm going to instruct you at this time to disregard the last response statement by this witness and not allude to it, talk about it, or consider it in any way in your deliberations. Everyone understand?
>
> (Heads nodding.)
>
> THE COURT:  Okay.
>
> [BY THE DEFENSE]:  Defendant respectfully requests a mistrial.
>
> THE COURT:  I will deny your request.

"We review the denial of a motion for mistrial for abuse of discretion, viewing the evidence in the light most favorable to the trial court's ruling . . . ."  *McBurnett v. State*, 629 S.W.3d 660, 663 (Tex. App.—Fort Worth 2021, pet. ref'd) (citing *Ocon v. State*, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009)).  "We must uphold the trial court's ruling if it is within the zone of reasonable disagreement."  *Id.*

8

"A mistrial is the trial court's remedy for improper conduct that is 'so prejudicial that expenditure of further time and expense would be wasteful and futile.'" *Id.* at 662 (quoting *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004)). "A mistrial is appropriate only when the record reveals highly prejudicial and incurable error." *Id.* (citing *Simpson v. State*, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003). "The court of criminal appeals has recognized that '[o]rdinarily, a prompt instruction to disregard will cure error associated with an improper question and answer.'" *Id.* (quoting *Ovalle v. State*, 13 S.W.3d 774, 783 (Tex. Crim. App. 2000) (per curiam)). "Thus, a trial court must grant a mistrial only when an improper question or answer is 'clearly prejudicial to the defendant and is of such character as to suggest the impossibility of withdrawing the impression produced on the minds of the jurors.'" *Id.* (quoting *Wood v. State*, 18 S.W.3d 642, 648 (Tex. Crim. App. 2000)).

Slimp argues that the witness's testimony that he failed to pay child support was an inadmissible extraneous offense that prejudiced the jury. However, Slimp does not explain why the extraneous offense was so highly prejudicial that the error was incurable. By the time of the extraneous utterance, Autumn's mother had already testified about Autumn's outcry. Also, the trial court immediately instructed the jury to disregard the extraneous offense, and the record indicates that the jury understood the instruction. "[W]e presume that the jury followed the trial court's instruction" and, as a result, find that the trial court did not abuse its discretion in overruling Slimp's motion for mistrial. *Wells v. State*, 558 S.W.3d 661, 670 (Tex. App.—Fort Worth 2017, pet. ref'd). Accordingly, we overrule Slimp's last point of error.

9

## IV.    Conclusion

We affirm the trial court's judgment.

Charles van Cleef
Justice

Date Submitted:    August 11, 2023
Date Decided:      August 21, 2023

Do Not Publish